**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ANGELA E. MUELLER,**

                              **Plaintiff,**

    **vs.**                                                   **6:14-CV-00313
                                                                 (MAD/TWD)**

**CAROLYN W. COLVIN,**

                                **Defendant.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**OFFICE OF PETER W. ANTONOWICZ**     **PETER W. ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **GRAHAM MORRISON, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

        Currently pending before the court is Angela Mueller's ("Claimant") counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Dkt. No. 21. The Commissioner has not opposed this motion. For the following reasons, the motion is granted.

        Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 18167, 152 L. Ed. 2d 996 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a

court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee arrangement between the claimant and the attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792-93. Further, where fee awards are made under both § 406(b) and the Equal Access to Justice Act ("EAJA"), the claimant's attorney must refund the smaller amount to the claimant. *See id.* at 796.

Here, in accordance with the fee agreement entered into between Claimant and her counsel, *see* Dkt. No. 18-5 at ¶ 3, counsel seeks payment of twenty-five percent of the past-due benefits owed, *see* Dkt. No. 21 at ¶ 7. Claimant's past-due benefits amount to $35,226.90, twenty-five percent of which is $8,806.73.[1] *See* Dkt. No. 23 at 1. Counsel performed 17.8 hours of work before this court, *see* Dkt. No. 18-6, and also, pursuant to a consent agreement between the parties, procured an award of fees in the amount of $3,351.91 under the EAJA, *see* Dkt. No. 20. Counsel has indicated that, in the event that the court awards fees pursuant to § 406(b), he will refund the smaller of the awards to Claimant. *See* Dkt. No. 21 at ¶ 8; *see also Gisbrecht*, 535 U.S. at 794-95.

The Court finds that $8,806.73, twenty-five percent of the past-due benefits, is reasonable, given the hours expended, the fact that counsel secured a favorable outcome for Claimant, and the Commissioner's lack of opposition to the request. There is no evidence of fraud or overreaching,

---

[1] While counsel's initial request was for fees in the amount of $11,492.00, *see* Dkt. No. 21, that amount represented twenty-five percent of the estimated past-due benefits to be awarded, *see* Dkt. No. 21-1 at 4. The final award of Claimant's past-due benefits was for $35,226.90. *See* Dkt. No. 23 at 1.

and $8,806.73 would not be a windfall to counsel. Thus, counsel's motion for attorney's fees pursuant to § 406(b) is granted.

Accordingly, after carefully reviewing the entire record in this matter, counsel's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that counsel's motion for attorney's fees (Dkt. No. 21) is **GRANTED** in the amount of $8,806.73; and the Court further

**ORDERS** that the Commissioner is directed to take the steps necessary to cause the amount of $8,806.73 to be made payable to counsel from the fund of withheld past-due benefits, in compliance with the requirements of the Social Security Act and implementing regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2016
       Albany, New York

Mae A. D'Agostino
U.S. District Judge